IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | |
| | \| | |
| v. | \| | 1:17-cr-00020-AJT |
| | \| | |
| MATTHEW S. ROCCO, | \| | |
| | \| | |
| Defendant. | \| | |

**DEFENDANT'S POSITION ON VIOLATION OF SUPERVISED RELEASE**

"When justice is more certain and more mild, it is at the same time more efficacious." — Alexis de Tocqueville, *Democracy in America*.

Jail is not the answer in this situation. Matthew has done very well on supervised release and made substantial progress towards addressing his personal issues, even though most of his supervised release has taken place during a global pandemic. Immediately following his release, Matthew got a job in construction and held onto it. He then made a lateral move to a better construction job because of his aptitude. Matthew has not missed a single probation appointment, therapy appointment, or polygraph examination. He has complied with all thirteen of his standard conditions of release and nine out of ten of his special conditions. Matthew will be on supervised release for another nine years under this Court's supervision. Surely, there is a more thoughtful and creative way to address his violation than three to nine months of jail.

To his credit, Matthew has acknowledged his violation and that perhaps he received unfettered access to the internet too soon. Additional conditions or modification of the existing conditions are sufficient, but not greater than necessary, to

address this violation. Limiting access to the internet for work purposes is an appropriate modification, which the Office of Probation has already enacted. In additional to any other appropriate modifications, Matthew also requests that some portion of his therapy be allotted for one-on-one therapy.

## BACKGROUND

On November 3, 2017, this Court sentenced Matthew to 36 months of incarceration for possession of child pornography. This Court also ordered $16,250 in restitution and a $100 special assessment. Matthew paid the restitution and special assessment on November 29, 2017. After successfully completing his sentence, Matthew began his period of supervised release in February 2020.

He immediately obtained employment in February 2020 with Labor Finders as a carpenter and auxiliary safety foreman. He did well in that job and was recommended to Belfast Valley Contractors, who hired him in October 2020. Matthew took the same position with Belfast Valley, but according to his supervisor, he has become a jack-of-all-trades. He has learned to operate heavy machinery like loaders, backhoes, and forklifts and can operate those machines when the crew is short-handed. He has also tried to learn more about other trades in order to build relationships with other companies on behalf of his employer. Matthew has become an integral part of the team because of his willingness to work long hours and weekends. He is often in demand by other job foremen at Belfast Valley.

In January 2021, Matthew was given access to a smart phone to enable him to complete his job requirements. A smart phone is required to scan trucks and deliveries,

document construction and safety issues, and compete online training courses. This has benefited Matthew immensely at work. However, in April 2020, Matthew was then permitted unrestricted access to the internet, which he used to view the prohibited movies. Matthew admitted this violation to his probation officer on May 14th. Moreover, he did not contest probable cause for this violation. He has admitted to the violation and requested to appear in this Court to address it.

## ARGUMENT

This Court should not revoke Matthew's supervised release. Matthew's violation of his condition of supervised release is a Grade C violation. U.S.S.G. § 7B1.1(a)(3). Upon a finding of such violation, the Court may revoke supervised release, extend the period of supervised release, or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). "Revocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, <u>again violates</u> the conditions of his supervision." U.S.S.G. § 7B1.3, App. Note 1 (emphasis added). Therefore, by implication, the Sentencing Guidelines recommend that a defendant should not ordinarily be revoked after a first Grade C violation.

This is an appropriate case for a modification or addition of conditions, not revocation of Matthew's supervised release. In this case, the conditions of supervised released worked properly. Matthew's probation officer was able to monitor his internet access and observe that a violation occurred. When questioned, Matthew admitted this violation and took responsibility for it. He is willing to add or adjust conditions to make

sure it does not happen again. In his statement to this Court, Matthew acknowledges that he perhaps had access to the internet too soon and has proposed a thoughtful and intelligent path forward regarding his access to the internet, if and when it is deemed appropriate. Additionally, the Office of Probation has already taken away his internet access for anything except work purposes and there have been no issues since that measure was put into place.

The prosecutor's recommendation is simply not helpful in this instance. The Government proposes a "meaningful term of imprisonment," which ostensibly is between three and nine months. ECF No. 70 at 5. The Government attempts to inflame this Court's passions by arguing that, unless his supervised release is revoked, Matthew's next step is to assault a minor. ECF. No. 70 at 7 ("It is chilling to consider what the defendant might do if he gains access to a minor."). The Government takes this position even though no statistics support this argument, and it cites none. Moreover, the people that know Matthew very well, his brother and sister, state that they have no concerns about him being around their children. Additionally, the Government completely ignores the fact that Matthew himself was a victim of childhood sexual abuse and requires mental health therapy, which he will not receive while incarcerated. More therapy, not more prison, is a better solution. That is why Matthew is requesting to supplement his therapy with individual sessions, in line with the original psychological recommendation in this case that Matthew not be placed in therapy with violent offenders.

Matthew has made substantial progress in putting his life back together after his crime. He has a home, an important job, his family supports him, and he has a good

chance to successfully complete his supervised release. Moreover, Matthew has made this progress throughout a global pandemic, where depression rates are skyrocketing across the country. Feelings of isolation and despair affected a large portion of the population. If not for the internet, the community had little to no means to connect with their friends, family, and loved ones. This was not an option for Matthew and that is why he had to rely heavily on his father and siblings. The feelings of stress, anxiety, and depression certainly factored into Matthew's actions, which may not have happened if not for the extremely limited human contact we all have had in the last fifteen months.

Matthew's behavior should be addressed through supervision, not incarceration. The entire point of supervision is to monitor the rehabilitation process to ensure that defendants are making good decisions. Matthew made a bad decision in this instance, but we should not ignore the many good decisions he has made on supervised release. To do so would be to lose sight of the forest for the trees. This Court should build upon Matthew's progress, not tear it down.

## CONCLUSION

For the foregoing reasons, Matthew respectfully requests that the Court not revoke his supervised release. He requests that this Court address his violation through a modification or addition of conditions of supervision, including that a portion of his therapy be in a one-on-one environment.

                                                            Respectfully submitted,
                                                            MATTHEW S. ROCCO
                                                           By Counsel

_____
Yancey Ellis (VSB 70970)
Counsel for Defendant
108 N. Alfred Street, First Floor
Alexandria, Virginia 22314
703.684.7908
yancey@carmichaellegal.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 22, 2021, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

_____
Yancey Ellis